UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LETT, ) | CASE NO. 1: 16 CV 2711 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| CASE MANAGER BENDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

Indicating he is incarcerated in the Cuyahoga County Jail, *Pro se* Plaintiff Anthony Lett has filed this civil rights action pursuant to 42 U.S.C. §1983 against employees of the Lake Erie Correctional Institution (LECI): Case Managers Bender, Barricklow, Anthony and Collins; Lieutenant Colbert; Unit Manager Administrator Mackey; and Assistant Warden Vantell. He alleges that on September 30, 2015, while he was incarcerated in LECI, he "filed

to receive his jail time credit," and Judge Friedland granted his motion on December 4, 2015. (Complaint, ¶¶7, 9.) He alleges that, "[u]pon receiving the judge's Order" in the mail, he approached and asked all of the Defendants to investigate or change his release date, but his requests were ignored and he was told "there was nothing that could be done until they received something from the court." (*Id.*, ¶11.) He also alleges that Assistant Warden Vantell told him he would be sent to segregation if he continued to ask about his release date.

Seeking $1 million in damages, the Plaintiff alleges that the Defendants' "failure or refusal to investigate and correct" his jail time credit constitutes gross negligence and false imprisonment in violation of his rights under the Fourth and Fourteenth Amendments "from the time he was supposed to be released until the time he was actually released, a total of approximately 30 days." (*Id.* at "Claims, ¶1.) In addition, he alleges that Defendant Vardell's threat to send him to segregation constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at "Damages/Relief," ¶3.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), Federal District Courts are expressly required, under 28 U.S.C. §§1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and all actions in which a prisoner seeks redress from a governmental official or employee, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to

state claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon review, the Court finds that the Plaintiff's Complaint must be summarily dismissed under §§ 1915(e) and 1915A.

The Plaintiff filed a prior Section 1983 lawsuit against Judge Friedland, Assistant Warden Vardell, the Adult Parole Authority and LECI based on the same allegations. On August 24, 2016, Judge Polster dismissed the Plaintiff's prior action for failure to state a claim pursuant to 28 U.S.C. §1915A. *See Lett v. Carolyn Friendland, et al.*, No. 1: 16 CV 1886 (Doc. No. 4). Judge Polster ruled that Judge Friedland was immune from the Plaintiff's suit and that his Complaint failed to state any valid federal claim for relief. *See id.* at 3 (finding that the Plaintiff's Complaint "did not contain allegations reasonably suggesting defendants held plaintiff beyond the term of his sentence and were deliberately indifferent in doing so").

The judgment in the Plaintiff's prior action bars his claims in this action. The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause of action between the same parties or their privies with respect to every matter that was actually litigated or which could have been raised in the prior case. *Cobbs v. Katona*, 8 F. App'x 437

(6th Cir. 2001). *See also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997).

Further, even if claim preclusion did not bar all of his claims, this Court agrees with Judge Polster that the Plaintiff's allegations are insufficient to demonstrate any plausible federal constitutional claim on which relief may be granted under Section 1983.

## Conclusion

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted and for the reasons stated above, his action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. Plaintiff's pending Motions for Default (Doc. Nos. 3 and 4) and for "Order of Judgment" (Doc. No. 5) are denied.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                      s/ Christopher A. Boyko
                                                      **CHRISTOPHER A. BOYKO**
                                                      **United States District Judge**

**Dated:** March 15, 2017